IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSE ROLDAN RAMIREZ GOMEZ,
    *Petitioner*,

  v.

DONALD J. TRUMP, *et al.*,
    *Respondents*.

1:25-cv-1443-MSN-LRV

ORDER

Jose Roldan Ramirez Gomez ("Petitioner") has filed a seven-count Amended Petition for Writ of Habeas Corpus ("Am. Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 10. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates his substantive and procedural due process rights (Count I), the Immigration and Nationality Act ("INA") (Count II); the Administrative Procedure Act ("APA") (Count III), and "Unconstitutional Overreach Following Loper Bright" (Count IV). Petitioner also alleges that his initial arrest by ICE agents violated 8 C.F.R. § 287.8 (Count V) and the Fourth and Fifth Amendments (Count VI). He seeks release on bail pending adjudication (Count VII).

Petitioner is currently detained at the South Texas ICE Processing Center in Texas. ECF 11-1 ¶ 11.[1] He has sued Donald Trump, the President of the United States; Russell Hott, the

---

[1] Petitioner's original petition was filed on August 30, 2025. ECF 1. Although Petitioner was transferred from Farmville Detention Center, in Farmville, Virginia, at some time after August 28, 2025, ECF 11-1 ¶¶ 10, 11, Federal Respondents have not challenged this Court's habeas jurisdiction. Accordingly, and because it appears proper from the record, the Court finds that it has jurisdiction over this matter. *See Suri v. Trump*, 785 F. Supp. 3d 128, 137–38

director of the ICE Washington Field Office; Todd Lyons, acting director of ICE; Kristi Noem, the DHS secretary; and Pamela Bondi, the Attorney General (collectively "Federal Respondents"). Am. Petition at 1. He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center. *Id*. Federal Respondents have opposed the Petition. ECF 11. For the reasons that follow, the Court will grant the Petition as to Count I.[2]

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. Am. Petition ¶ 11. In 2003, he entered the United States without inspection and has lived here since that time. *Id*. ¶ 24. In 2014, he was placed into removal proceedings pursuant to a charge under 8 U.S.C. §1182(a)(6)(A)(i), which was administratively closed in 2015. *Id*. ¶ 26; ECF 11-1 ¶ 7, 8. DHS moved to recalendar these administratively closed proceedings on June 20, 2025. ECF 11-1 ¶ 9. On August 28, 2025, Petitioner was riding as a passenger in a work van that was stopped by ICE Enforcement and Removal Operations (ERO) agents in Washington D.C. Am. Petition ¶¶ 27–33; ECF 11-1 ¶ 10. Petitioner was detained by agents and taken to the Farmville Detention Center, in Farmville, Virginia. Am. Petition ¶¶ 34–37; ECF 11-1 ¶ 11. At some point, he was transferred from Farmville to the South Texas ICE Processing Center in Texas, where he is currently detained. ECF 11-1 ¶ 11. Petitioner has not been granted a bond hearing because Federal Respondents assert that he is ineligible for such under the BIA's decision in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). Am. Petition ¶ 38.

---

(E.D. Va. 2025) (Giles, J.) (observing that habeas jurisdiction typically lies in the "place where the petitioner was confined when the petition was filed").

[2] Because the Court grants the Petition as to Count I it need not address Petitioner's other claims.

Petitioner filed his original Petition for a Writ of Habeas Corpus on August 30, 2025. ECF 1. On September 2, 2025, this Court directed respondents to show cause why the petition should not be granted. ECF 2. Petitioner filed the operative Amended Petition on October 2, 2025. ECF 10. Federal Respondents filed a response in opposition to the Amended Petition on October 10, 2025. ECF 11.

## II.    ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to procedural and substantive due process. Federal Respondents "recognize that this Court (and others) recently rejected Federal Respondents' arguments" to the contrary. ECF 11 at 2; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." *Id*.

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 6–16. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

3

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner been present in the United States for twenty-two years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination,

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *9–10, violates his right to due process.

### III. CONCLUSION

For all the reasons stated above, the Amended Petition (ECF 10) is GRANTED, and it is hereby

ORDERED that Federal Respondents shall hold a standard bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

October 27, 2025
Alexandria, Virginia